UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,

v.

DEXTER COMMUNITY SCHOOLS,
CHRISTOPHER TIMMIS, Superintendent,
in his Official and Individual Capacities;
WILLIAM MORAN, Principal, in his Official
and Individual Capacities;
CRAIG RAFAIL, Counselor, in his Official
and Individual Capacities; and
OTHER UNIDENTIFIED ROES,
In their Official and Individual Capacities.

       Defendants.

Case No. 2:18-cv-11435
Hon. Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

---

## DEFENDANT CRAIG RAFAIL'S
## MOTION FOR AN ORDER TO SHOW CAUSE

NOW COMES Defendant Craig Rafail ("Defendant Rafail"), by and through his counsel, Maddin, Hauser, Roth & Heller, P.C., and moves, pursuant to Fed. R. Civ. P. 45(g), for an order to show cause why third-parties Eric Delaporte and the Metropolitan Association for Improved School Legislation ("MAISL") should not be held in contempt of court for failure to respond to the March 18, 2019 Subpoenas issued by Defendant Rafail. In support of his Motion, Defendant Rafail states as follows:

1

1.    Plaintiff, Jane Doe, filed this action against Defendant Rafail and Co-Defendants Dexter Community Schools, Christopher Timmis, William Moran, and "Other Identified Roes" on May 7, 2018.

2.    The crux of Plaintiff's claim against Defendant Rafail is that, throughout her four years of high school, Mr. Rafail, while acting as a guidance counselor with the Dexter Community Schools (the "School District"), breached alleged duties to report to Ms. Doe's parents and school administration certain acts of off-campus sexual assaults by other minors that Ms. Doe had reported to him.

3.    Attorney Eric Delaporte, of Lusk Albertson PLC, conducted a factual investigation of Mr. Rafail on behalf of Dexter Community Schools.

4.    As a result of Mr. Delaporte's investigation and factual findings, Dexter Community Schools filed tenure charges against Mr. Rafail.

5.    Mr. Delaporte drafted the initial draft of the tenure charges and assisted the School District with making changes to the document.

6.    Plaintiff refers to and relies heavily in her Complaint on the factual findings and conclusions in the tenure charges as support for her allegations against Defendant Rafail.

7.    On September 7, 2018, the School District served Initial Disclosures on the other Parties, in which the School District stated that it would "produce an applicable insurance coverage declarations page" in response to Defendant Rafail's

request for the same. On January 23, 2019, the School District served Supplemental Disclosures, adding that "Insurance coverage is provided through MAISL."

8.    On March 18, 2019, Defendant Rafail submitted two subpoenas. The first subpoena was to Mr. Delaporte, and requested Mr. Delaporte's file pertaining to the highly relevant investigation into Plaintiff's allegations against Defendant Rafail.

9.    Defendant Rafail submitted a second subpoena to MAISL on the same day. This subpoena requested copies of the insurance policies issued to the School District from 2011 through 2018.

10.    On April 4, 2019, Dexter Community School submitted two identical objections to Defendant Rafail's subpoenas to *both* MAISL and Mr. Delaporte, claiming that "the records sought infringe upon the Attorney/Client Privilege and Work Product Doctrine."

11.    To date, Defendant Rafail has *not* received an objection to either subpoena from the subpoenaed non-parties as required under Fed. R. Civ. P. 45(d)(2)(B).

12.    MAISL and Mr. Delaporte have waived any objections they may have otherwise had to the subpoenas by failing to file any responses and/or objections within the requisite 14-day timeframe following service of the respective subpoenas.

13.    To the extent that MAISL and Mr. Delaporte rely on the School District's Objections, these Objections are meritless.   The School District has absolutely no attorney-client relationship with MAISL triggering any attorney-client privilege or work product protection.

14.    Furthermore, Mr. Delaporte's investigation records are not protected by the attorney-client and work product privileges because the investigation was not conducted in anticipation of litigation, and the resulting tenure charges were made public.  Of note, on May 31, 2019, the deposition of the District's human resources director, Barb Santo, was taken.  At that deposition, Ms. Santo testified repeatedly that Mr. Delaporte had come into possession of several sets of notes taken during the course of meetings and other conversations during the course of the investigation that led to the filing of the tenure charges. At the very least, these notes relate only to facts gathered during that investigation, and must be produced pursuant to the subpoena.  Upon information and belief, Mr. Delaporte also holds several other categories of documents that also fall outside of the attorney-client privilege, and all such other documents must be produced, as well.

15.    Defendant Rafail asks that this Court to enter an order to show cause and require MAISL and Mr. Delaporte to appear before this Court and show cause why they should not be held in contempt for failure to comply with the Subpoenas.

*See* Fed. R. Civ. P. 45(g).  Defendant Rafail further requests that this Court order both MAISL and Mr. Delaporte to produce the responsive records.

16.     Additionally, to the extent that either entity alleges that the responsive documents are subject to either the attorney-client or work product privileges, Defendant Rafail is entitled to a privilege log for those withheld documents.

WHEREFORE, Defendant Craig Rafail respectfully requests that this Honorable Court enter an order requiring MAISL and Eric Delaporte to appear before this Court and show cause why they should be held in contempt of court.  In addition, Defendant Rafail requests that this Court order both MAISL and Mr. Delaporte to produce responsive documents.  In the alternative, Defendant Rafail requests that this Court order MAISL and Mr. Delaporte to produce privilege logs of all withheld documents.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.


By:   */s/ Thomas W. Werner*                    
        Thomas W. Werner (P67492)
*Attorney for Defendant, Craig Rafail*
28400 Northwestern Highway, Second Floor
Southfield, MI 48034
(248) 354-4030
twerner@maddinhauser.com

Dated: June 3, 2019

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

      Plaintiff,

v.

DEXTER COMMUNITY SCHOOLS,
CHRISTOPHER TIMMIS, Superintendent,
in his Official and Individual Capacities;
WILLIAM MORAN, Principal, in his Official
and Individual Capacities;
CRAIG RAFAIL, Counselor, in his Official
and Individual Capacities; and
OTHER UNIDENTIFIED ROES,
In their Official and Individual Capacities.

      Defendants.

Case No. 2:18-cv-11435
Hon. Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

---

## BREIF IN SUPPORT OF DEFENDANT CRAIG RAFAIL'S MOTION FOR AN ORDER TO SHOW CAUSE

## **ORAL ARGUMENT REQUESTED**

# **TABLE ON CONTENTS**

STATEMENT OF PRINCIPAL AUTHORITY .......................................................... iii

STATEMENT OF THE QUESTIONS PRESENTED ............................................. iv

I.  Factual Background. ................................................................................... 1

II.  Argument ................................................................................................... 4

    A.  This Court Should Hold MAISL and Mr. Delaporte in Contempt
        for Failure to Provide Any Response to Defendant Rafail's Subpoenas ........ 4

    B.  Neither MAISL nor Mr. Delaporte Have a Valid Privilege Objection
        to the Production of Documents ....................................................................... 5

    C.  To the Extent Either MAISL or Mr. Delaporte Claim Privilege,
        They Must Produce a Privilege Log ............................................................. 11

III.  Conclusion ................................................................................................. 12

# INDEX OF AUTHORITIES

**Cases**

*Arndt v. Ford Motor Co.,*
  2016 W.L. 1161444, at *2  (E.D. Mich., 2016) ...................................................... 4

*Herald Co., Inc. v. Ann Arbor Pub. Schs.,*
  224 Mich. App. 266, 279; 568 N.W.2d 411 (1997) ................................................ 8

*Joe v Hamilton Co. Board of Educ.,*
  2018 W.L. 542971 (E.D. Tenn, 2018) ..................................................................... 7

*Reed v. Baxter,*
  134 F.3d 351, 355–56 (6th Cir. 1998) ..................................................................... 5

*Resource Investments, Inc. v. United States,*
  97 Fed. Cl. 545, 552 (Fed. Claims., 2011) .............................................................. 4

*S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd.,*
  No. 18-5440, 2019 WL 494929, at *3 (6th Cir. Feb. 8, 2019) ............................... 6

*Wartell v. Purdue Univ.,*
  2014 WL 4261205 (N.D. Ind., 2014) ...................................................................... 8

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................ 5, 6

Fed. R. Civ. P. 45 ........................................................................................................ 3, 5

Fed. R. Civ. P. 45(e)(2)(A) ............................................................................................ 10

Fed. R. Civ. P. 45(g) .............................................................................................. 1, iii, 4

## <u>STATEMENT OF PRINCIPAL AUTHORITY</u>

In support of its Motion, Defendant Rafail relies on Fed. R. Civ. P. 45(g), in addition to the law and arguments cited herein.

**To add:  Barb Santo testimony re: the keeping of notes by Delaporte.  And that he has factual information.  And that waiver of a/c relationship where non-employee representatives were present.**

## STATEMENT OF THE QUESTIONS PRESENTED

I.    Should this Court hold third-parties Eric Delaporte and the Metropolitan Association for Improved School Legislation ("MAISL") in contempt of court and require production of responsive documents within fourteen (14) days?

Defendant Rafail States:   YES.
Co-Defendants State: No.
This Court Should State: YES.

II.    Should this Court order third-parties Eric Delaporte and MAISL to produce the responsive documents?

Defendant Rafail States:   YES.
Co-Defendants State: No.
This Court Should State: YES.

III.    As a less-preferred alternative, should this Court order Mr. Delaporte and MAISL to produce privilege logs?

Defendant Rafail States:   YES.
Co-Defendants State: No.
This Court Should State: YES.

## I.  Factual Background.

Plaintiff Jane Doe's claims against Defendant Craig Rafail center around her allegation that throughout her four years of high school, Mr. Rafail, while acting as a counselor within his employment for Co-Defendant Dexter Community Schools, breached alleged duties to report to her parents and school administration certain acts of off-campus sexual assault committed by minors that Ms. Doe had reported to him. *See generally* Complaint.

Co-Defendant Dexter Community Schools conducted an investigation of Defendant Rafail's handling of Ms. Doe's reported sexual assault after learning that Mr. Rafail had concluded that he did not need to report the off-campus sexual assaults. Attorney Eric Delaporte, of Lusk Albertson, PLC, conducted the tenure investigation on behalf of the School District. EX A-*Timmis Deposition*, p. 28. Thereafter, the School District filed tenure charges against Defendant Rafail. *Id.*, p. 25.

In his deposition, Dexter Community Schools Superintendent Christopher Timmis acknowledged that Mr. Delaporte made the critical findings of fact and conclusions during the investigation, including the conclusion that Defendant Rafail "made deceitful and false statements to administrators." *Id.*, p. 28.  Mr. Timmis himself was unable to describe what these "false statements" were, instead referring

to the fact that Mr. Delaporte had made this finding. *See id.* In fact, Mr. Delaporte even wrote the first draft of the tenure charges. *Id.*, pp. 28, 117.

The investigation and corresponding tenure charges are *highly relevant* to Ms. Doe's claims. Ms. Doe cites directly from the tenure charges as the *only exhibit to the Complaint* and relies heavily on the factual findings and conclusions in the tenure charges to support the allegations against Mr. Rafail in her Complaint. *See* Complaint, ¶¶ 41, 48, 49. Thus, the details of the investigation are critical to Ms. Doe's claims against Defendant Rafail. For this reason, on March 18, 2019, Defendant Rafail served a subpoena on Mr. Delaporte, requesting a copy of his file pertaining to the investigation of Mr. Rafail (hereinafter, the "Delaporte Subpoena"). EX B.

Additionally, on September 7, 2018, the School District served Initial Disclosures, in which it stated that it would "produce an applicable insurance coverage declarations page." EX C, *Initial Disclosures*, p. 13. On January 23, 2019, the School District served Supplemental Disclosures, adding that "Insurance coverage is provided through MAISL." EX D, *Supplemental Disclosures*, p. 3.

Therefore, on March 18, 2019 (the same day that it served the Delaporte Subpoena), Defendant Rafail served a subpoena on the Metropolitan Association for Improved School Legislation ("MAISL") for the insurance policies referenced in the

School District's Supplemental Disclosures (hereinafter, the "MAISL Subpoena").
EX E.

On April 4, 2019, counsel for Dexter Community Schools submitted identical objections to *both* the Delaporte and MAISL Subpoenas. With regard to the Delaporte Subpoena, Dexter Community Schools stated that "the records sought infringe upon the Attorney/Client Privilege and Work Product Doctrine." EX F. Dexter Community Schools submitted an *identical* objection to the MAISL Subpoena, which stated the *exact same* objection that "the records sought infringe upon the Attorney/Client Privilege and Work Product Doctrine." EX G.

*To date*, neither MAISL nor Mr. Delaporte have produced any documents *or* filed any objections as required under Fed. R. Civ. P. 45(d)(2)(B). These responses are now *several weeks* overdue.

Of note, on May 31, 2019, the deposition of the District's human resources director, Barb Santo, was taken. At that deposition, Ms. Santo testified repeatedly that Mr. Delaporte had come into possession of several sets of notes taken during meetings and other conversations during the course of the investigation that led to the filing of the tenure charges. These notes were of a factual nature. Therefore, at the very least, these notes must be produced pursuant to the subpoena. Furthermore, these meetings and conversations frequently included non-employees of the school district, including parents, students, and outside union representatives. Therefore,

the attorney-client privilege was waived as to any such discussions. Upon information and belief, Mr. Delaporte also holds several other categories of documents that also fall outside of the attorney-client privilege, and all such other documents must be produced, as well. Mr. Rafail is unable to specify those categories of documents without a privilege log, and no log was ever provided.

## II.       Argument.

Defendant Rafail requests that this Court enter an order for MAISL and Mr. Delaporte to appear and show cause why they should not be held in contempt of court for failure to answer Defendant Rafail's subpoena requests.

### A. This Court Should Order MAISL and Mr. Delaporte to Appear and Show Cause.

This Court has the ability to hold both Delaporte and MAISL in contempt of court for failing to recognize and respond to the subpoena requests.

MAISL and Mr. Delaporte were served with subpoenas on March 18, 2019. Both subpoenas complied with the substantive requirements of Rule 45. Attorney-issued subpoenas are treated as <u>court orders</u>. *See Resource Investments, Inc. v. United States*, 97 Fed. Cl. 545, 552 (Fed. Claims., 2011). For this reason, "the failure to obey an attorney-issued subpoena is '*an act in defiance of a court order and exposes the defiant witness to contempt sanctions.*' " *Id.* (citation omitted; emphasis added).

In fact, the Federal Court Rules expressly provide that the court may hold an individual or entity in contempt of court for failure to respond to a subpoena: "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Here, both MAISL and Mr. Delaporte have failed to obey Defendant Rafail's subpoena requests by not producing *any* responsive documentation or objections within the requisite timeframe. Accordingly, Mr. Delaporte and MAISL should be required to appear and show cause why this Court should not hold them in contempt for their complete failure to provide any response to the Subpoenas. *See* Fed. R. Civ. P. 45(g).

### B. Neither MAISL nor Mr. Delaporte Have a Valid Privilege Objection to the Production of Documents.

Because neither MAISL nor Mr. Delaporte has filed any objection within the required time specified for compliance, *they have waived any objection. See Arndt v. Ford Motor Co.*, 2016 W.L. 1161444, at *2 (E.D. Mich., 2016) ("Failing to serve written objections by the time provided by Fed. R. Civ. P. 45 generally waives those objections.") (attached hereto as Ex. H).

In order to avoid application of the waiver rule, the party failing to serve the objections must show *unusual circumstances* and *good cause* for the failure to

respond. *See id.* Here, there is no unusual circumstance or good cause that would explain why *neither* MAISL *nor* Mr. Delaporte produced *any* response whatsoever to Defendant Rafail's subpoena requests. Accordingly, MAISL and Mr. Delaporte have waived any challenge that may have otherwise had to the subpoena requests by failing to object to the subpoenas in a timely manner and should be ordered at the least to produce the responsive documents.

Defendant Rafail anticipates that, despite their own failure to respond to the subpoenas, MAISL and Mr. Delaporte will rely on the Objections filed by the School District. However, the School District's Objections are misplaced. Dexter Community Schools objected to both Subpoenas on the basis that the requested documentation was protected by the attorney-client and work product privileges.

The elements of the federal common law attorney-client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser **in his capacity as such**, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. [*Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998) (emphasis added).]

With regard to the work-product privilege, Fed. R. Civ. P. 26 provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But,

subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has **substantial need** for the materials to prepare its case and cannot, **without undue hardship**, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26 (emphasis added). In essence, the work product standard "asks (1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, No. 18-5440, 2019 WL 494929, at *3 (6th Cir. Feb. 8, 2019)

First, with regard to the MAISL Subpoena, the School District's position that the requested insurance policies are somehow covered by the attorney-client or work product privileges is absurd. MAISL is the entity through which Dexter Schools obtained its insurance coverage. MAISL is *not* a law firm and could have absolutely *no* attorney-client relationship with the School District. Furthermore, the insurance information was *not* created in anticipation of litigation. Therefore, the School District's claim that the insurance documents are privileged is completely contrary to the law.

Second, Mr. Delaporte cannot assert a valid privilege claim with regard to his investigation file because he was not acting in a role as an "advisor" in conducting interviews and otherwise chairing the investigation into Mr. Rafail, his investigation was not conducted in anticipation of the litigation, and the findings of the investigation were made public, vitiating any privilege that may have applied to the documents.

In *Joe v Hamilton Co. Board of Educ.*, 2018 W.L. 542971 (E.D. Tenn, 2018), the Eastern District of Tennessee addressed a nearly identical issue as the one presented in this case. In *Joe*, the matter involved an investigation of sexual assaults committed by three members of a high school basketball team. *Id.* at *1. The School Board hired an attorney to conduct the investigation and prepare a report of her findings. *Id.* After the attorney drafted her report, the school board voted to release the report to the public. *Id.* However, the board did not produce the communications between its attorneys relating to the investigation. *Id.* at *2.

The Court concluded that the attorney-client privilege was waived because the School Board disclosed the protected information to the public. *Id.* In other words, **"when the Board released the [Report], it waived the attorney-client privilege as to the entire scope of the investigation."** in addition to **"all materials, communications, and information"** provided to the attorney during her investigation. *Id.* at *3 (emphasis added).

Similarly, in *Wartell v. Purdue Univ.*, 2014 WL 4261205 (N.D. Ind., 2014), Purdue University hired an attorney to conduct an independent investigation of an administrator's age discrimination claim. *Id.* at *1. The attorney interviewed the administrator and then made a determination on whether any of his allegations constituted a violation of university policy. *Id.* The Court affirmed the trial court's ruling that "The record does not reflect that [the attorney] was giving legal advice by conducting the investigation and report. **Rather, he was conducting an internal investigation so that Purdue could determine how to respond *prior* to the prospect of litigation.**" *Id.* at *8 (emphasis added).[1]

Here, any communications between Dexter Community Schools and Mr. Delaporte were made for the *sole purpose* of conducting an independent tenure investigation of Defendant Rafail—*not* for the purpose of obtaining legal advice in anticipation of the prospect of this litigation. Therefore, the materials, communications, and information provided to Mr. Delaporte during the investigation are not shielded by privilege. Furthermore, any privilege that may have initially attached to Mr. Delaporte's file was nullified once Dexter Community

---

[1] The Michigan courts have reached the same conclusion. *See Herald Co., Inc. v. Ann Arbor Pub. Schs.*, 224 Mich. App. 266, 279; 568 N.W.2d 411 (1997) (holding that a tape recording of an interview between a school district employee and the district's attorney was not privileged because the purpose of the interview was to obtain the employee's version of events, and not to address how the school would defend itself in a potential lawsuit).

Schools made the findings and conclusions public by issuing the tenure charges against Mr. Rafail. Accordingly, to the extent that Mr. Delaporte intends to rely on the attorney-client privilege or work product doctrine as a defense for refusing to produce his investigation file, Mr. Delaporte's argument is without merit.

Of further note, on May 31, 2019, the deposition of the District's human resources director, Barb Santo, was taken. At that deposition, Ms. Santo testified repeatedly that Mr. Delaporte had come into possession of several sets of notes taken during meetings and other conversations during the course of the investigation that led to the filing of the tenure charges. These notes were of a factual nature and were not taken by Mr. Delaporte himself. Therefore, at the very least, these notes must be produced pursuant to the subpoena. Furthermore, these meetings and conversations frequently included non-employees of the school district, including parents, students, and outside union representatives. Therefore, the attorney-client privilege was waived as to any such discussions. Upon information and belief, Mr. Delaporte also holds several other categories of documents that also fall outside of the attorney-client privilege, and all such other documents must be produced, as well.

Finally, even if this Court were to conclude that the documents were protected by privilege, Defendant Rafail has a substantial need for the materials in Mr. Delaporte's investigation file to prepare its case and cannot, without undue

hardship, obtain their substantial equivalent by other means. As discussed *supra*, the tenure charges are a *critical component* of Ms. Doe's case against Defendant Rafail. Ms. Doe not only relies on, but *directly cites* the allegations in the tenure charges as the only exhibit in her complaint to support her claims against Defendant Rafail.  It is critical that Defendant Rafail know the facts on which Mr. Delaporte relied in assisting the School District to reach the factual and legal conclusions in its tenure charges in order for Defendant Rafail to defend the claims against him.  For these reasons, even if the materials were considered privileged, Defendant Rafail's need for the materials outweighs the privilege concerns in this context.

### C. To the Extent Either MAISL or Mr. Delaporte Claim Privilege, They Must Produce a Privilege Log.

Finally, and in the alternative, Defendant Rafail requests that MAISL and Mr. Delaporte produce privilege logs as required under the Federal Court Rules.

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> (i)   expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).

In this case, it is not clear whether MAISL or Mr. Delaporte intend to claim that the requested documents are privileged because *neither entity provided any response to Defendant Rafail's subpoena requests*. To the extent that either MAISL or Mr. Delaporte claim privilege, they must expressly make the claim and then describe the nature of the withheld documents in a privilege log allowing this Court and the parties to assess the privilege claim. They cannot simply decide not to produce *any* response to the Subpoenas. Accordingly, to the extent that MAISL and Mr. Delaporte claim that the requested documentation is protected by privilege, Defendant Rafail requests that this Court order MAISL and Mr. Delaporte to produce a privilege log pursuant to Fed. R. Civ. P. 45(e)(2)(A).

## III.   Conclusion.

Both MAISL and attorney Eric Delaporte have failed to provide any response to the validly-issued Subpoenas, which are treated as orders of this Court. As a consequence, this Court should require MAISL and Delaporte to show cause why they should not be held in contempt of court for failing to respond to this Court's orders. This Court should also require MAISL and Mr. Delaporte to produce responsive documents. Finally, as a less-preferable alternative, MAISL and Mr. Delaporte should be required to submit privilege logs of all withheld documents.

WHEREFORE, Defendant Craig Rafail respectfully requests that this Honorable Court enter an order requiring MAISL and Eric Delaporte to appear

before Court and show cause why they should be held in contempt of court for

failing to answer a subpoena of this Court. Defendant Rafail requests that this Court

additionally order MAISL and Mr. Delaporte to produce responsive documents. In

the alternative, Defendant Rafail requests that this Court order MAISL and Mr.

Delaporte to produce privilege logs of all withheld documents.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

By: */s/ Thomas W. Werner*
     Thomas W. Werner (P67492)
*Attorney for Defendant, Craig Rafail*
28400 Northwestern Highway, Second Floor
Southfield, MI 48034
(248) 354-4030
twerner@maddinhauser.com

Dated: June 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2018 I electronically filed Defendant Craig Rafail's Motion for an Order to Show Cause, Brief in Support and this Certificate of Service with the Clerk of the Court using the electronic filing system, which will automatically send notice of such filing to counsel of record.

I hereby further certify that on the 3rd day of June, 2019 I served a copy of Defendant Craig Rafail's Motion for an Order to Show Cause, Brief in Support and this Certificate of Service by first class mail on:

Eric D. Delaporte
Lusk Albertson, PLC
40 Pearl Street NW, Suite 922
Grand Rapids, MI 49503-3032

Metropolitan Association for Improved School Legislation
1333 Radcliff Avenue
Garden City, MI 48135

I declare that the foregoing statements are true and accurate to the best of my information, knowledge and belief.

/s/ Thomas W. Werner
Thomas W. Werner (P67492)
*Attorney for Defendant, Craig Rafail*

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

v.

DEXTER COMMUNITY SCHOOLS,
CHRISTOPHER TIMMIS, Superintendent,
in his Official and Individual Capacities;
WILLIAM MORAN, Principal, in his Official
and Individual Capacities;
CRAIG RAFAIL, Counselor, in his Official
and Individual Capacities; and
OTHER UNIDENTIFIED ROES,
In their Official and Individual Capacities.

        Defendants.

Case No. 2:18-cv-11435
Hon. Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

---

## EXHIBIT LIST TO DEFENDANT CRAIG RAFAIL'S
## MOTION FOR AN ORDER TO SHOW CAUSE

**LETTER**    **DESCRIPTION**

A        Deposition of Christopher Timmis

B        Eric D. Delaporte Subpoena

C        Dexter Community Schools Initial Disclosures, p. 13

D        School District Supplemental Disclosures, p. 3

E        Metropolitan Association for Improved School Legislation (MAISL)
Subpoena

**LETTER   DESCRIPTION**

F          Objection to Subpoena to Lusk Albertson, PLC

G          Objection to Subpoena to Metropolitan Association for Improved School Legislation (MAISL)